UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:25-cr-35-TJC-LLL
21 U.S.C. § 846

MEGAN ANN THOMECZEK

**INFORMATION**
**(Drug Trafficking Conspiracy)**

The United States Attorney charges:

**COUNT ONE**

Beginning on an unknown date, but not later than in or about September

2023, and continuing through on or about February 13, 2024, in the Middle District

of Florida, the defendant,

MEGAN ANN THOMECZEK,

did knowingly and willfully conspire with other persons, both known and unknown

to the United States, to distribute and possess with intent to distribute controlled

substances. The violation involved 40 grams or more of a mixture and substance

containing a detectable amount of fentanyl, a Schedule II controlled substance, and

100 kilograms or more of a mixture and substance containing a detectable amount of

marihuana, a Schedule I controlled substance.

It was part of the conspiracy that the conspirators would perform acts and make statements to hide and conceal and cause to be hidden and concealed the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

## FORFEITURE

1.      The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2.      Upon conviction of a violation of 21 U.S.C. § 846, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3.      The property to be forfeited includes, but is not limited to, the following:

    a.      a Ruger LCP, .380 caliber pistol;

    b.      a Smith & Wesson M&P, 9mm pistol;

    c.      a Springfield, 9mm pistol;

    d.      all associated magazines and ammunition;

    e.      approximately $19,259 in U.S. Currency; and

    f.      approximately $23,244 in U.S. Currency.

4.      If any of the property described above, as a result of any acts or

2

omissions of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

ROGER B. HANDBERG
United States Attorney

By: _Elisbeth Adams_

Elisbeth Adams
Assistant United States Attorney

By: _[signature]_

Frank Talbot
Assistant United States Attorney
Chief, Jacksonville Division

3